UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE and JOHN DOE<br>As guardians and parents of C.S., a minor<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTSON COUNTY BOARD<br>OF EDUCATION<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Jane Doe and John Doe as parents and guardians of C.S., a minor, for their cause of action against the Defendant the Robertson County Board of Education, state as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, C.S. is the minor child of "Jane Doe and John Doe," who brings this action under pseudonym's to protect the anonymity of C.S. and to reduce the continued embarrassment and harassment to her. C.S. was twelve (12) years old at the time of the incident.

2. Defendant, Robertson County Board of Education is a local municipality which operates a system of public schools in Robertson County, Tennessee. The acts and omissions complained of herein arose from events that occurred at Coopertown Middle School ("CMS") during school hours.

3. This action is brought pursuant to Title IX, codified as 20 U.S.C. §1681(a), 42 U.S.C. §1983 and the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-201 et seq.

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. This Court further has supplemental jurisdiction over all other claims that are so related to the claims

and the actions within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367(a). Venue is in this District pursuant to 28 U.S.C. §1391(b).

FACTUAL ALLEGATIONS

5. C.S. was a 7th grade student registered at Coopertown Middle School ("CMS") in Robertson County, Tennessee in the spring of 2023.

6. C.S. was a student of Ms. Costa, who taught 7th grade English at CMS. Ms. Costa required ALL students to line up in the hallway at the same time to use the restroom. This was required due to students vaping in the restrooms.

7. On April 3, 2023 Ms. Costa failed to insure that all students left the classroom during the restroom break. C.S. stayed at her desk and noticed that two (2) other boys, K. and J. stayed in the classroom as well.

8. When C.S. stood up from her desk, J. left the room and K. came up behind C.S. pulled down her pants and forced her to bend over. He then vaginally penetrated C.S. with his penis. C.S. told him to stop he was hurting her and he refused.

9. It was later learned that J. had used his cell phone to record the entire incident and he then forwarded the video to various students and adults.

10. When the principal of CMS, Ms. West, learned of the video she questioned C.S. in her office WITHOUT notifying the parents of C.S.

11. Ms. West had C.S. sign a statement of what happened and AFTER it was signed she added information to the statement that was not true and correct.

12. C.S. was suspended from school and humiliated by the video that had been shared by J.

13. After a Title IX complaint was filed with the Robertson County School Board, C.S. received a letter ORDERING her to return to school. Upon information and belief, she was to attend the alternative school where the unruly students attend.

14. Upon information and belief, C.S. was ORDERED to return to school where her rapist was in attendance as well as J who videoed and disseminated said video to various students and adults.

15. Subsequent to being notified that C.S. had been raped in the classroom during school and being videoed, the defendant made no attempt to initiate a safety plan or otherwise provide for the well-being of C.S. No counseling of any kind has been offered to C.S. until AFTER the Title IX compliant was filed with the Robertson County School Board.

16. C.S. is not mentally or emotionally able to return to CMS.

## CAUSES OF ACTION

17. Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Robertson County and the Robertson County Board of Education receive Federal assistance.

18. C.S. has been denied access to educational opportunities or benefits.

19. The sexual assault endured by C.S. was sufficiently severe, pervasive, and objectively offensive that she was deprived access to educational opportunity and benefits provided by the school. Defendant, Robertson County School Board was deliberately indifferent to the safety of C.S.

20. Defendant has displayed a chronic and deliberate indifference to the safety of its pupils for a period of years. It has tolerated failures to report sexual assaults to DCS in the past,

has denied obvious occurrences and continues to do so. It has tolerated on its grounds a campaign to isolate and ostracize parents and teachers who have reported sexual misconduct.

21. Defendant is therefore liable under Title IX for all injuries sustained by C.S. proximately caused by its violation of law.

## GOVERNMENTAL TORT LIABILITY ACT

22. Employees of the Robertson County Board of Education knew of eminent threats of physical harm but failed to take any action to prevent it. Staff and Ms. West were aware that K had a history of bullying and inappropriately touching female students.

23. Employees of the Robertson County Bord of Education knew that students were unable to be left alone hence the lining up in the hallway to use the restroom.

24. Defendant is guilty of negligence and is liable for all injuries caused thereby pursuant to T.C.A. §29-20-201 et. seq.

25. Defendant assumed a duty to protect C.S. from harm and negligently failed to do so.

## FAILURE TO TRAIN

26. Defendant failed and refused to train its employees upon the proper methods and means to detect, prevent and treat sexual abuse within CMS.

27. Peer-on-peer sexual abuse in public schools is a danger and regrettably on the rise in Robertson County and elsewhere. Because of prior events, Defendant was fully aware of the increasing danger. Yet, Defendant has displayed an obstinate refusal to acknowledge this danger and has been deliberately indifferent to it. This failure to train has deprived C.S. of the rights, privileges and immunities guaranteed to her by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## DAMAGES

28. C.S. has suffered fear, embarrassment, humiliation and ongoing anxiety as a result of the sexual assault and dissemination of the video. She has been forced to leave school and is now undergoing therapy. While Jane Doe and John Doe hope for a full recovery, the nature of these events suggests that such injury may be permanent in nature. There will be incurred on her behalf expenses for her alternative school placement as well as for her mental health care.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand:

1. That process be issued and the Defendant to answer within the time required by law;
2. That C.S. be awarded such damages as will fully compensate her for all injuries caused by the Defendant's actions and failure to act as alleged herein;
3. That Plaintiffs be awarded attorney's fees and costs as provided under 42 U.S.C. §1988; and
4. That Plaintiff be awarded such additional and general relief to which she may be entitled, at or in equity.

Respectfully Submitted,

_____
Peggy Smith Pulley, B.P.R. No. 26603
102 Cumberland Street
Ashland City, Tennessee 37015
(615)845-7277
*Attorney for Plaintiffs*
peggy@psplaw.net