# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>Robertson County Board of Education,<br><br>Defendant. | Case No. 3:23-cv-00605<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

**A.** **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**B.** **BRIEF THEORIES OF THE PARTIES:**

**Plaintiffs:** This is Government Tort Liability Act against the Robertson County Board of Education for the actions of the staff of Coopertown Middle School. When the minor child was left alone in the classroom with a male student she was sexually assaulted and said assault was videotaped and transmitted to other students and adults. The staff never asked the minor child if she was forced to have sex with the male student, they automatically assumed she was a willing participant.

The entire class was supposed to be in the hall for a restroom break so the teacher could monitor what went on in the bathrooms but failed to make sure all of the students left the classroom. It appears there had been issues when the students were left alone to go to the restroom.

When the principal was made aware of the situation, instead of immediately calling the minor child's parents, she took her in her office and attempted to question her on the incident. It appears that staff of the Coopertown Middle School were not trained on how to handle a possible sexual assault of a student on school grounds.

**Defendants:** The Robertson County Board of Education takes incidents of sexual contact, consensual or non-consensual, between students on school campus very seriously. School district personnel are required to complete training regarding harassment and abuse each year, among other related topics. When district personnel at Coopertown Middle School were informed about sexual contact between C.S. and K.J., they immediately investigated the allegations and notified the School Resource Officer, Robertson County Schools Student Services, the Department of Childrens' Services, and the Robertson County Sheriff's Department to assist. District personnel acted expeditiously to interview students, inform parents or guardians, stop dissemination of the video documentation of the alleged assault, and cooperate with the Robertson County Sheriff's Department.

No part of the investigation revealed that the sexual contact was nonconsensual, including individual interviews with C.S. and conversations with her parent or guardian. Weeks after the investigation, C.S.'s mother filed a Title IX Complaint. Upon receiving the Title IX Complaint, Robertson County Schools has conducted over a dozen interviews, followed up with law enforcement agencies and DCS, and offered and provided supportive services to C.S.

C. **PLAINTIFF:**

Jane Doe and John Doe are the parents and guardians of C.S., a minor.

C.S. is the minor child of "Jane Doe and John Doe," who brings this action under pseudonyms to protect the anonymity of C.S. and to reduce the continued embarrassment and harassment to her. C.S. was twelve (12) years old at the time of the incident.

**DEFENDANT:**

Robertson County Board of Education

**D.　ISSUES RESOLVED:**

Jurisdiction and Venue

**E.　ISSUES STILL IN DISPUTE:**

The liability of the Robertson County Board of Education for the alleged sexual assault of the minor child on the school grounds during class and damages.

**F.　INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before September 5, 2023.

**G.　CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, or by March 13, 2024 , the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii)

their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### H. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before February 28, 2024. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than October 31, 2023. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge

will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than February 1, 2024.

### I. MOTIONS TO AMEND OR TO ADD PARTIES:

Any motions to amend or to add parties shall be filed no later than February 15, 2024.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

### J. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before February 15, 2024. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before March 29, 2024. All expert witnesses shall be deposed on or before May 31, 2024.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

### K. NEXT CASE MANAGEMENT CONFERENCE:

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case

management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

    L.    **DISPOSITIVE MOTIONS:**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than July 1, 2024. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

    M.    **ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's

approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

N. **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. **REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will

automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

P.   **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The non-jury trial of this action is expected to last approximately four days. The target trial date is December 10, 2024. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge